IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| LAMAR DONTRAY WILLIAMS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 6:19-01008-MGL |
| | § | |
| RANDALL WILLIAMS, | § | |
| Respondent. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Lamar Dontray Williams (Petitioner) filed this action asserting a habeas corpus claim under 28 U.S.C. § 2254. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent Randall Williams's (Respondent) motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct

the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 23, 2020. Petitioner filed his Objections to the Report (Objections) on February 4, 2020. Respondent filed his reply to the Objections on February 18, 2020. The Court has reviewed Petitioner's two objections but holds them to be without merit. It will therefore enter judgment accordingly.

First, Petitioner objects to the Magistrate Judge's reliance on the post-conviction relief (PCR) court's deference to the testimony of the defense attorney (Counsel), arguing it was patently unreasonable for Counsel to neglect to investigate expert support for the theory of impossibility based on Petitioner's presented alibi.

Petitioner argues Counsel's failure to investigate and produce experts to support an alibi defense constitutes ineffective assistance of counsel. This disregards Counsel's presentation, in his closing argument, of an alibi defense based on his purported morning meeting and the timing of an escape route. Any argument experts were necessary to fully establish an alibi defense ignores the multitude of unknown variables—time of the murder, exact route of escape, traffic on the day in question—inhibiting an exact analysis. Thus, the Court concludes Counsel's presentation of the alibi defense without experts fails to qualify as deficient representation. *See Strickland v. Washington*, 486 U.S. 668, 687-89 (1984) (stating an ineffective assistance of counsel claimant must demonstrate his counsel's performance was deficient, overcoming a strong presumption counsel's conduct was within a wide range of reasonable professional experience).

Further, a PCR court's factual findings are presumed "correct unless the habeas petitioner proves otherwise by clear and convincing evidence." *Cagle v. Branker*, 520 F.3d 320, 323 (4th Cir. 2008). Here, the PCR court held Counsel reasonably presented the timeline/travel argument,

which did not require expertise to argue.  Petitioner failed to provide clear and convincing evidence to go against the PCR court.  Accordingly, the Court will overrule Petitioner's first objection.

Second, Petitioner objects to the Magistrate Judge purported failure to address the PCR court's purported conflation of the two prongs of the *Strickland* test.  This ignores the Magistrate Judge's clear pronouncement "disagree[ing] with the petitioner that the PCR combined the deficiency and prejudice prongs of *Strickland*."  Report at 21.  The objection, thus, fails to raise any specific objection to the Report.  Because there is no clear error with the Magistrate Judge's ruling on this issue, the Court will therefore overrule the second objection too.  *See Orpiano*, 687 F.2d at 47 (rejecting the need for de novo review when an objection fails to direct the court to a specific error).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Respondent's motion for summary judgment is **GRANTED**.

To the extent Petitioner moves for a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of March 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE